IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BEVERLY TUCKER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. _____ |
| | § | |
| MASSACHUSETTS MUTUAL LIFE | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## NOTICE OF REMOVAL

Massachusetts Mutual Life Insurance Company ("MassMutual"), pursuant to 28 U.S.C. §§ 1441 and 1446, hereby gives notice of its removal of this action from the County Court at Law No. 2 of Nueces County, Texas (the "State Court"), to the United States District Court for the Southern District of Texas, Corpus Christi Division on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, and in support, states:

### BACKGROUND

1.      Plaintiff Beverly Tucker ("Plaintiff") commenced this action on or about July 27, 2016, by filing her Plaintiff's Original Petition ("Petition") in the State Court.

2.      The Citation and Petition were first served on MassMutual on January 12, 2017. Pursuant to Local Rule 81, attached hereto as Exhibit A is an Index of State Court Documents, which contains true and correct copies of all process, pleadings, and orders as served upon MassMutual. Also attached hereto as Exhibit B is a List of Counsel

**NOTICE OF REMOVAL** – **Page 1**

including each attorney's bar number, address, telephone numbers, and parties represented.

## DIVERSITY OF CITIZENSHIP

3.      There is complete diversity of citizenship.

4.      Plaintiff states that she is a citizen of Texas and that she resides in Nueces County, Texas.  *See* Petition ¶ 4.

5.      MassMutual is, and was at the time this action was commenced, a Massachusetts mutual life insurance company with its principal office and place of business located in Springfield, Massachusetts.

6.      Diversity exists between Plaintiff and MassMutual because Plaintiff is a citizen of Texas and MassMutual is a citizen of another state. *See* 28 U.S.C. § 1332(a).

7.      The Petition does not allege a specific amount of damages, but it is facially apparent that the Plaintiff's claimed damages exceed the sum of $75,000, exclusive of interest and costs.  Specifically:

a)      Plaintiff alleges that she is owed unpaid disability income benefits in the amount of $4,250 per month from August 15, 2015 through the present. *See* Petition ¶¶ 8-11. These allegations alone seek damages in excess of $70,000.

b)      In addition, Plaintiff asserts statutory claims for "treble damages" for MassMutual's alleged violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act. *See* Petition ¶¶ 31, 33-34. *See* TEXAS INS. CODE § 541.152(b); TEXAS BUS. & COM. CODE § 17.50(b)(1).

c)      Plaintiff also asserts statutory claims for attorneys' fees pursuant to the Texas Insurance Code, the Texas Deceptive Trade Practices Act, and the Texas Civil Practice and Remedies Code. *See* <u>Petition</u> ¶¶ 11, 16, 30, 34. *See also* TEXAS INS. CODE § 541.152(a)(1); TEXAS BUS. & COM. CODE § 17.50(c); TEXAS CIV. PRAC. & REM. CODE §§ 37.009 and 38.001.

8.      In determining whether the jurisdictional amount required by 28 U.S.C. § 1332(a) is satisfied, this Court may properly consider Plaintiff's claims for treble damages, statutory attorneys' fees, statutory interest damages, and unspecified exemplary and punitive damages. *See*, *e.g.*, *Coburn v. American General Life & Accident Ins. Co.*, 2013 WL 2289937 (S.D. Tex. 2013); *Lewis v. State Farm Lloyds*, 205 F. Supp. 2d 706 (S.D. Tex. 2002). Based on Plaintiff's allegations here, it is clear that if she were to prevail on all claims, the amount awarded, exclusive of interest and costs, would well exceed $75,000.

9.      There is complete diversity, the amount in controversy is satisfied, and this Court therefore has jurisdiction over this matter based on diversity of citizenship. *See* 28 U.S.C. §§ 1332 and 1441(b).

## MISCELLANEOUS

10.      Pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days of MassMutual's receipt of service of the Citation and Petition on January 12, 2017.

11.     The United States District Court for the Southern District of Texas, Corpus Christi Division, is the federal judicial district and division encompassing the State Court where Plaintiff originally filed this suit.

12.     Accordingly, the present lawsuit may be removed from the State Court to the United States District Court for the Southern District of Texas, Corpus Christi Division, pursuant to 28 U.S.C. §§ 1332(a)(2) and 1441(a).

13.     Pursuant to the provisions of 28 U.S.C. § 1446, a true and correct copy of the Notice of Filing Notice of Removal to the State Court is attached hereto as Exhibit C.

14.     If any question arises as to the propriety of the removal of this action, MassMutual respectfully requests the opportunity to present a brief and oral argument on support of its position that this cause is removable.

WHEREFORE, notice is hereby given that this action is removed from the State Court to the United States District Court for the Southern District of Texas, Corpus Christi Division.

Respectfully submitted,


By:  /s/ Amanda Sotak
      Amanda Sotak
      Texas Bar No. 24037530
      SD of Texas Bar No. 33899
      amanda.sotak@figdav.com
      Amber D. Reece
      Texas Bar No. 24079892
      SD of Texas Bar ID No. 2695252
      amber.reece@figdav.com


FIGARI + DAVENPORT, L.L.P
901 Main Street, Suite 3400
Dallas, Texas  75202
Telephone: (214) 939-2000
Facsimile: (214) 939-2090

**ATTORNEYS FOR DEFENDANT**
**MASSACHUSETTS MUTUAL LIFE**
**INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served by certified mail, return receipt requested to David Klein, P.O. Box 2446, Corpus Christi, Texas on this 10th day of February, 2017.

/s/ Amanda Sotak
Amanda Sotak